IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**BRYAN LEE TOVAR AKA AMAYA MARIE TOVAR,**

    Plaintiff,

v.

**WILLIAM K. MARSHALL III, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF WEST VIRGINIA DIVISION OF CORRECTIONS AND REHABILITATION, WEXFORD HEALTH SOURCES INCORPORATED, ELAINE J. GEDMAN INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS EXECUTIVE VICE PRESIDENT OF WEXFORD HEALTH SOURCES INCORPORATED,**

    Defendants.

Civil Action No. 2:23-cv-00397
Honorable Joseph R. Goodwin

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS WEXFORD HEALTH SOURCES, INC.'S AND ELAINE J. GEDMAN'S MOTION TO DISMISS**

**COME NOW** Defendants Wexford Health Sources, Inc. (hereinafter referred to as "Wexford") and Elaine J. Gedman (hereinafter individually referred to as "Defendant Gedman," and collectively referred to as "Defendants"), by counsel Jordan K. Herrick, Samuel M. Bloom, and the law firm of Bailey & Wyant, PLLC, pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure* and hereby offer the following Memorandum of Law in support of their contemporaneously filed Motion to Dismiss the Complaint.

**I.    STATEMENT OF THE CASE**

Plaintiff in this matter is Bryan Lee Tovar, also known as Amaya Marie Tovar, a transgender inmate currently housed at St. Mary's Correctional Center and Jail in St. Mary's, West Virginia. *See*

1

*ECF Doc. No. 2,* ¶ 3. Plaintiff brings this action against William K. Marhsall, III, the commissioner for the West Virginia Division of Corrections and Rehabilitation ("WVDCR"), against Defendant Wexford, and against Defendant Gedman, in her individual and official capacity as Executive Vice President of Defendant Wexford. *Id.*, ¶¶ 4 – 6.

Plaintiff's core issue in this matter is that Plaintiff seeks sex reassignment surgery for his gender dysphoria and that the WVDCR's Policy Directive 411.00 prevents him from receiving this surgery. *See Id.*, ¶¶ 7, 8, 24. Plaintiff alleges that he suffers from Gender Dysphoria and was diagnosed in 2019 by a psychologist at Huttonsville Correctional Center. *Id.*, ¶¶ 19, 22. He alleges that he has been on hormone treatments and received therapy while incarcerated, but neither has helped his gender dysphoria. *Id.*, ¶¶ 22, 23. Plaintiff further alleges that in 2021, he was evaluated by the psychologist at Huttonsville Correctional Center for sex reassignment surgery "but was denied by [W]exford Health [S]ources, [Inc.]. They stated that reason [sic] for denying me these treatments/surgeries was due to commissioner of the WVDCR'[s] policy 411.00." *Id.*, ¶ 24.

As a result, Plaintiff now brings the immediate action. Plaintiff definitively asserts two claims, and possibly a third claim. Plaintiff's first cause of action asserts a claim for deliberate indifference to a serious medical need, in violation of the Eighth Amendment to the United States Constitution. *Id.*, ¶¶ 1, 28, 40, 45 – 48, 50, 51, 65. Plaintiff's second cause of action asserts an equal protection claim, in violation of the Fourteenth Amendment to the United States Constitution. *Id.*, ¶ 1, 30, 32, 53 – 56, 60. The third potential cause of action, which Plaintiff does not specifically assert but references violations of, is a claim for violation of the Americans with Disabilities Act ("ADA"). *See Id.*, ¶¶ 1, 7. However, as argued more fully below, it is proper for this Court to dismiss this action against Defendants Wexford and Gedman as Plaintiff cannot succeed on these claims against these Defendants.

2

II.     STANDARD OF REVIEW

"In general, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130 (1993) (citing *De Sole v. United States*, 947 F.2d 1169, 1171 (4th Cir. 1991)). Nonetheless, the Fourth Circuit has noted, "[t]he court need not, however, accept unsupported legal conclusions, legal conclusions couched as factual allegations, or conclusory factual allegations devoid of any reference to actual events." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). "The inclusion of conclusory legal terms, however, does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint do not support the legal conclusion, 'since the purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint.'" *Randall v. U.S.*, 30 F.3d 518, 522 (4th Cir.1994); *Trulock v. Freeh*, 275 F.3d 391, 405, n. 9 (4th Cir.2001)).

When considering a motion to dismiss pursuant to Rule 12(b)(6), a court follows a two-step approach: (1) "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), and then (2) "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

For the first step, the complaint must provide the plaintiff's "grounds of . . . entitlement to relief" in more factual detail than mere "labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal quotation marks omitted). "[A]

formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal* at 679.

For the second step, a court must take the remaining factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. See *Twombly* at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 555, 570 (internal quotation marks omitted). Plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal* at 678. "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal quotation marks omitted).

This Court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); see also *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Federal district courts are charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); *Cruz v. Beto*, 405 U.S. 319, 92 S. Ct. 1079, 31 L. Ed. 2d 263 (1972). However, the Fourth Circuit has provided that the Court must be mindful that it "not construct the plaintiff's legal arguments for him." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Indeed, "[t]he special judicial solicitude with which a district court should view . . . *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III. ARGUMENT

**A. Plaintiff cannot establish an Eighth Amendment claim against these Defendants as there is no policy or custom on the part of Defendant Wexford alleged as a basis for establishing liability, nor individual allegations against Defendant Gedman.**

It is proper for this Court to dismiss Plaintiff's Eighth Amendment deliberate indifference claim against Defendants as Plaintiff has failed to plead sufficient facts against both Defendant Gedman and Defendant Wexford.

**1. Plaintiff fails to plead sufficient facts establishing that Defendant Gedman violated Plaintiff's Eighth Amendment Rights.**

With respect to Defendant Gedman, it is appropriate for this Court to dismiss the Eighth Amendment claim asserted against her because Plaintiff fails to plead sufficient facts to establish such a claim against her. Specifically, Plaintiff does nothing more than identify her as a party in this action and makes nothing more than make unsupported claims that she acted deliberately indifferent towards Plaintiff's serious medical needs.

The Eighth Amendment to the *United States Constitution* forbids more than just "physically barbarous punishments"—it extends to "punishments which are incompatible with the evolving standards of decency that mark the progress of a maturing society[,] or which involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-03, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (internal quotation marks and citations omitted). Deliberate indifference to a prisoner's serious medical needs constitutes the type of unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *See Id.* at 104 (citing *Gregg v. Georgia*, 428 U.S. 153, 173, 96 S. Ct. 2909, 49 L. Ed. 2d 859 (1976). But not every "claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105.

5

To state a claim under the Eighth Amendment for deliberate indifference to medical needs, a plaintiff must plead facts sufficient to show that (1) objectively, a deprivation of medical care was "sufficiently serious," and (2) subjectively, prison officials were deliberately indifferent to the plaintiff's serious medical needs "with a sufficiently culpable state of mind." *See Wilson v. Seiter*, 501 U.S. 294, 296-98, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991).

Regarding the objective component, a serious medical need "is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (internal quotation marks omitted) (citing *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999)).

Turning to the subjective component, "[a]n official is deliberately indifferent to an inmate's serious medical needs only when he or she subjectively 'knows of and disregards an excessive risk to inmate health or safety.'" *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)). A finding of deliberate indifference requires more than a showing of mere negligence. *Farmer* at 835; see also *Estelle* at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). A prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer* at 837. A prison official is not liable if they "knew the underlying facts but believed (albeit unsoundly) that the risk to which the fact gave rise was insubstantial or nonexistent." *Id.* at 844.

"To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990), *overruled in part on other grounds by Farmer v. Brennan*, 511 U.S. 825, 114 S.

Ct. 1970, 128 L. Ed. 2d 811 (1994). Further, "[a]n inmate's disagreement with a medical officer's diagnosis or course of treatment will not support a valid Eighth Amendment claim." *Daye v. Proctor*, Civil Action No. 1:13-cv-227, 2015 U.S. Dist. LEXIS 25833, 2015 WL 1021560, *9 (N.D.W.Va. 2015) (Keeley, J.) (citing *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975)).

Here, there are numerous issues with this claim against Defendant Gedman. First, Defendant Gedman is not a medical provider for Defendant Wexford, she is the Executive Vice President of Wexford Health Sources, Inc., which Plaintiff identifies in the Complaint. See *ECF Doc No. 2,* ¶ 6. Further, Plaintiff makes no claims in support of subjective component of the applicable analysis. Defendant Gedman is mentioned eleven (11) times throughout the Complaint but there is not a single allegation supporting that Defendant Gedman was specifically aware of facts from which the inference could be drawn that a substantial risk of serious harm existed to Plaintiff, and that Defendant Gedman drew this inference. Thus, without further factual support for this claim, there is no basis for this claim to survive a motion to dismiss. Accordingly, it is proper to dismiss Plaintiff's Eighth Amendment claim against Defendant Gedman.

> **2. Plaintiff fails to plead sufficient facts establishing that Defendant Wexford violated Plaintiff's Eighth Amendment Rights.**

With respect to the Eighth Amendment deliberate indifference claim against Defendant Wexford, the claim also fails because Plaintiff has failed to plead sufficient facts to allow this claim to proceed against this Defendant. Claims under 42 U.S.C. § 1983 are specifically directed at "persons." *Will v. Mich. Dept. of State Police,* 491 U.S. 58, 60, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). However, a private corporation is liable under § 1983 *only* when an official policy or custom of the corporation causes the alleged deprivation of federal rights. See, e.g., *Little v. Tygarts Valley Reg'l Jail*, 5:12CV148, 2013 U.S. Dist. LEXIS 152265, 2013 WL 5744780, at *2 (N.D. W. Va. Oct. 23, 2013) (Stamp, J.) (noting that defendant corporation was not a "person" for purposes of 42

U.S.C. § 1983, and that where there are no allegations against it involving policies or customs of deliberate indifference such entity should be dismissed); *Rowe v. PrimeCare Med. of W. Virginia, Inc.*, CIV.A. 3:04-1246, 2009 U.S. Dist. LEXIS 86037, 2009 WL 3063429, at *2 (S.D.W.Va. Sept. 21, 2009) (Chambers, J.) (finding no liability under section 1983 for defendant corporation where there was no basis for concluding that defendant corporation's involvement extended beyond the fact that it employed health care workers who treated plaintiff).

To allege the existence of a corporate policy under 42 U.S.C. § 1983 is analogous to that for municipal liability pursuant to *Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). See, e.g., *Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (4th Cir. 1982) ("In [*Monell*], the Supreme Court held that a municipal corporation cannot be saddled with section 1983 liability via respondeat superior alone. We see this holding as equally applicable to the liability of private corporations."); *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999); *Page v. Kirby*, 314 F. Supp. 2d 619, 622 (N.D.W.Va. 2004) (Maxwell, J.).

To adequately allege the existence of a policy under *Monell*, a plaintiff must plead facts which, if true, establish the existence of such a policy. See *Revene v. Charles County Commissioners*, 882 F.2d 870, 875 (4th Cir. 1989). "§ 1983 complaints which on critical elements of a claim merely recite legal conclusions wholly devoid of facts may properly be dismissed for insufficiency of statement." *Id.* (quoting *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985)). Further, a single instance of the complained-of conduct is insufficient to establish that the conduct was undertaken pursuant to policy. See *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-824, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985).

Here, the Plaintiff has failed to make adequate factual allegations in this regard. Nowhere in his Complaint does the Plaintiff allege that his alleged injuries were the result of a corporate policy

maintained by Wexford. Instead, Plaintiff repeatedly cites to and directly blames WVDCR Policy 411.00 as the sole cause of why Plaintiff cannot receive the surgery he desires to receive. *See generally*, *ECF Doc No. 2*. As Plaintiff's claim pertains to the WVDCR's policy, it should be found that this is plainly insufficient under *Monell* and should subject Plaintiff's § 1983 claim against Wexford to dismissal.

> **B. Plaintiff has failed to state a claim for a Fourteenth Amendment violation against these Defendants.**

Next, Plaintiff asserts a Fourteenth Amendment claim. However, Plaintiff has failed to plead sufficient facts necessary to establish an equal protection claim. Thus, it is appropriate for this Court to dismiss Plaintiff's Fourteenth Amendment claim.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439, 105 S. Ct. 3249, 3254 (1985) (quoting *Plyler* v. *Doe*, 457 U.S. 202, 216 (1982)). Generally, classifications that distinguish between males and females are subject to heightened scrutiny under the Equal Protection clause and will withstand constitutional challenge only if the classification serves "important governmental objectives" and is "substantially related to achievement of those objectives." *Craig v. Boren*, 429 US. 190, 197, 97 S. Ct. 451, 50 L. Ed. 2d 397 (1976). However, this heightened scrutiny does not apply in the prison context because a prison regulation need only be reasonably related to a legitimate penological interest in order to withstand constitutional challenge. *See Turner v. Safley*, 482 U.S. 78, 89, 107 S. Ct. 2254, 96 L. Ed. 2d 64 (1987) ("when a prison regulation impinges on inmates' [First Amendment] constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests"); *Washington v. Harper*, 494 U.S. 210, 224, 110 S. Ct. 1028, 108 L. Ed. 2d 178 (1990) (expanding *Turner* to "all

9

cases in which a prisoner asserts that a prison regulation violates the Constitution, not just those in which the prisoner invokes the First Amendment").

The Fourth Circuit Court of Appeals has held that for a plaintiff to succeed on an equal protection claim brought under the Fourteenth Amendment, a plaintiff must first demonstrate (1) that "he has been treated differently from others with whom he is similarly situated," and (2) that "the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). "Once this showing is made, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." *Id*.

Here, Plaintiff asserts that he is a "transgender individual who is incarcerated [that] seeks to be treated equally as one who is not incarcerated by [being] given sex reassignment surgery, breast augmentation, hair implants, hair removal...," and that, "The [WVDCR] policy 411.00…as written violates the Equal protection clause of the Fourteen [sic] Amendment to the Constitution of the United States, as it infringes upon the due process rights, individual liberty, autonomy, and dignity." *ECF Doc No. 2*, ¶¶ 30, 32. The remaining paragraphs of the Complaint that speak to the equal protection clause and the equal protection claim against Defendants do not provide any further factual support for Plaintiff's claim. *See Id.*, ¶¶ 52 – 56, 60.

Upon these allegations, it is readily determinable that Plaintiff has failed to plead sufficient facts to support this claim. Nowhere does Plaintiff allege facts that he is being treated dissimilarly from others similarly situated. *See Id.* In fact, Plaintiff only alleges that he is being treated differently from those not similarly situated to him; namely, non-incarcerated individuals. *See Id.*, ¶ 30. Thus, Plaintiff's equal protection claim must fail as a matter of law as the Complaint is devoid of any allegations of a similarly situated class necessary to establish an equal protection claim. Accordingly,

because Plaintiff has failed to plead sufficient facts to support Plaintiff's equal protection claim against Defendants, it is proper to dismiss this claim.

> **C. To the extent Plaintiff asserts an ADA claim, such claim must be dismissed as Defendants do not fall within the definition of "public entities."**

It is not clear if Plaintiff actually asserts an ADA claim as Plaintiff does not once mention the ADA in his "Legal Claim" section of the Complaint. *See ECF Doc No. 2*, ¶¶ 44 – 72. However, despite Plaintiff not explicitly asserting such claim, Plaintiff alleges violations of the ADA in the "Jurisdiction and Venue" and "Facts" section of the Complaint. *See Id.*, ¶¶ 1, 7. To the extent that Plaintiff is asserting an ADA claim against Defendants, such claim fails as a matter of law as Wexford and Defendant Gedman cannot violate the ADA.

This Court has previously provided that:

> [P]rivate entities, such as Wexford… and their individual employees, even where contracted to provide services to state prisoners, are not "public entities" for purposes of Title II of the ADA. *See Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 118 S. Ct. 1952, 141 L. Ed. 2d 215 (1998). The ADA prohibits a public entity from excluding qualified individuals with disabilities from participating in, or benefiting from, the entity's services, programs, or activities. 42 U.S.C. § 12132; *Tennessee v. Lane*, 541 U.S. 509, 124 S. Ct. 1978, 158 L. Ed. 2d 820 (2004). The term "public entity" includes "any department, agency, special purpose district or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1)(B); *see also Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999) (en banc) ("noting a public entity,' 'as it is defined within the statute, does not include individuals").

*Cosner v. Thistlethwaite*, No. 2:18-cv-01499, 2020 U.S. Dist. LEXIS 186079, at *26 (S.D.W.Va. July 8, 2020) (Tinsley, MJ), *adopted* 2020 U.S. Dist. LEXIS 178777, at *21 (S.D.W.Va. Sept. 29, 2020) (Copenhaver, J.). In *Cosner*, based on the foregoing, this Court ultimately dismissed the plaintiff's claims against Wexford for violation of the ADA as Wexford and its employees were not "public entities" for purposes of Title II of the ADA. *Id*.

Here, given the decision in *Cosner*, it is cleara that Defendants cannot violate the ADA

11

because both Defendant Wexford and Defendant Gedman do not fall within the definition of "public entities" contemplated by the ADA. *Cosner,* at *26. Therefore, to the extent Plaintiff actually asserts an ADA claim against these Defendants, such claim must fail as a matter of law.

## IV. CONCLUSION

**WHEREFORE**, based on the foregoing, Defendant Wexford Health Sources, Inc. and Defendant Elaine J. Gedman respectfully request the Court enter an **ORDER** hereby **GRANTING** Defendants' Motion to Dismiss, **with PREJUDICE**, and grant Defendants such further relief that the Court deems fair and appropriate.

**WEXFORD HEALTH SOURCES, INC. and ELAINE J. GEDMAN,**
**By Counsel,**

/s/ Jordan K. Herrick
Jordan K. Herrick (WV Bar #11128)
Samuel M. Bloom (WV Bar #13739)
BAILEY & WYANT, PLLC
500 Virginia Street, East, Suite 600
Post Office Box 3710
Charleston, West Virginia 25337-3710
T: 304.345.4222
F: 304.343.3133
jherrick@baileywyant.com
sbloom@baileywyant.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**BRYAN LEE TOVAR AKA AMAYA MARIE TOVAR,**

    **Plaintiff,**

v.

**WILLIAM K. MARSHALL III, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF WEST VIRGINIA DIVISION OF CORRECTIONS AND REHABILITATION, WEXFORD HEALTH SOURCES INCORPORATED, ELAINE J. GEDMAN INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS EXECUTIVE VICE PRESIDENT OF WEXFORD HEALTH SOURCES INCORPORATED,**

    **Defendants.**

**Civil Action No. 2:23-cv-00397**
**Honorable Joseph R. Goodwin**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS WEXFORD HEALTH SOURCES, INC.'S AND ELAINE J. GEDMAN'S MOTION TO DISMISS** was served upon the following party through the Court's Electronic Case Filing (ECF) system on this day, October 4, 2023:

    Bryan Tovar a.k.a Amaya Marie Tovar #3369273
    St. Mary's Correctional Center
    2880 North Pleasants Highway
    St. Marys, WV  26170

    /s/ Jordan K. Herrick
    Jordan K. Herrick (WV Bar #11128)
    Samuel M. Bloom (WV Bar #13739)